## FRANCIS C. GRAY *et al.* Executors &c. *versus* SAMUEL BOWDEN.

An indorsement on a promissory note acknowledging it to be due, signed by the promisor and attested by a witness, is not an attested promissory note within the meaning of Revised Stat. *c.* 120, § 4, 7, extending the limitation of actions upon such notes to twenty years.

BY an agreed statement of facts it appeared, that this was assumpsit on a promissory note, dated July 12th, 1812, by which the defendant promised to pay William Gray, the plaintiffs' testator, the sum of $ 3314·54, on demand, with interest, that, on the 23d of November, 1826, an indorsement was made on the note by the defendant and attested by a witness, as follows : — " Nov. 23d, 1826. I acknowledge the within note to be just and due. Samuel Bowden. Witness, Benjamin T. Reed "; and that this action was commenced on the 18th of October, 1836.

The question submitted to the Court was, whether the note was barred by the statute of limitations.

A nonsuit or default was to be entered, as the Court should direct.

This case was submitted without argument.

*Saltonstall*, for the plaintiffs.

*Rantoul*, for the defendant.

*Nov. 9th.*     SHAW C. J. The only question is, whether this case is within the exception of the statute of limitations, which pre-

vents its operation upon attested notes. A memorandum was indorsed on the note, and signed by the defendant, more than six years before the action brought, acknowledging the note to be then due and unpaid, and this memorandum was attested by a witness.

The statute of 1786 and the Revised Statutes are substantially alike in this respect. The former provides that it shall not bar any action brought upon a note in writing, promising to pay money, &c. The latter provides that the limitation shall not apply to any action, brought upon a promissory note signed in presence of an attesting witness. The Court are of opinion, that this memorandum was not a note in writing, promising to pay money, nor a promissory note, within the meaning of the statute. It might be a good acknowledgment to take the old note out of the operation of the statute, for six years from its date, but it was not a new promissory note. There are no express promissory words. It is not therefore a note in writing promising to pay money, or a promissory note. It is merely an acknowledgment, from which a promise might be inferred, so as to take the old note out of the statute, which would extend it six years, but not an attested note, which, by construction of a rule of the common law, formerly, and now by an express provision, Revised Stat. *c.* 120, § 7, is governed by the limitation of twenty years.

*Plaintiffs nonsuit.*